UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

File No. 1:11-CR-347

v.

HON. ROBERT HOLMES BELL

LEO DAMON LOFTON,

    Defendant.
                                        /

## **O P I N I O N**

This matter is before the Court on Defendant Leo Damon Lofton's motion requesting a determination of whether his two prior convictions for domestic violence (third offense) qualify as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). As the government does not object to this request, Defendant's motion for a determination will be granted. For the reasons that follow, the Court finds that the domestic violence convictions are not violent felonies under the ACCA.

On August 9, 2010, Defendant plead guilty to two counts of domestic violence (third offense) in the 17th Judicial Circuit Court of Kent County, Michigan. Although domestic violence convictions generally are misdemeanors with a 93 day maximum sentence, Defendant's prior criminal history enhanced his convictions to felonies carrying a two-year maximum sentence. The Sixth Circuit has recently decided that misdemeanors which are enhanced into felonies pursuant to a state recidivism provision may qualify under the ACCA. *United States v. Kearney*, Case No. 10-1532, slip op. at 4-5 (6th Cir. Apr. 5, 2012). Thus,

Defendant's domestic convictions satisfy the preliminary ACCA requirement that a prior offense be a felony punishable by at least one year of imprisonment.

> A "violent felony" is one which:
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. 924(e)(2)(B). Thus, a felony may qualify as a "violent felony" under the ACCA in three ways: (1) it has the requisite elements, (2) it is one of the enumerated offenses, or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." As domestic violence is not an enumerated offense, the Court must consider whether an enhanced domestic violence conviction satisfies either § 924(e)(2)(B)(i) or the residual clause of § 924(e)(2)(B)(ii).

Michigan's domestic violence statute makes it an offense to assault or assault and batter someone with whom the offender has had a specified domestic relationship. The elements of the offense include "'(1) the commission of an assault or an assault and battery; (2) one of the statute's enumerated domestic relationships; and (3) the intent to either batter the victim or to place the victim in reasonable apprehension of being battered.'" *United States v. Kearney*, Case No. 10-1532, slip op. at 4-5 (6th Cir. Apr. 5, 2012) (quoting *People v. Cameron*, 806 N.W.2d 371, 379 (Mich. Ct. App. 2011); *People v. Corbiere*, 559 N.W.2d 666, 669 (Mich. Ct. App. 1996)); Mich. Comp. Laws § 750.81(2).

Although it may seem at first blush that the inclusion of assault or battery as an element of domestic violence could satisfy the requirements of § 924(e)(2)(B)(i), the Supreme Court has held that the term "physical force" in § 924(e)(2)(B)(i) means "violent force." *Johnson v. United States*, 130 S. Ct. 1265, 1268 (2010). The Supreme Court went on to hold that assault or battery — the operative terms in Michigan's domestic violence statute — do not necessarily present the level of "violent force" contemplated by the ACCA. *Id.* In light of the Supreme Court's decision in *Johnson*, the Court cannot find that a domestic violence conviction satisfies § 924(e)(2)(B)(i).

Turning next to the residual clause of § 924(e)(2)(B)(ii), the Court must first apply a "categorical approach," which looks to the statutory definition of a crime to determine whether it is "'roughly similar, in kind as well as in degree of risk posed'" to the enumerated offenses. *United States v. Jones*, --- F.3d ---, 2012 WL 716450, *7 (6th Cir. Mar. 7, 2012) (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). Because Michigan's domestic violence statute is a crime of specific intent, the Court need only examine whether "the risk posed by the crime in question is comparable to that posed by its closest analog among the numerated offenses." *Sykes v. United States*, 131 S. Ct. 2267, 2273, 2275-76 (2011); *Jones*, 2012 WL 716450 at *7.

Michigan's domestic violence statute does not categorically present a level of risk comparable to the enumerated ACCA crimes of burglary, arson, extortion, or crimes involving explosives. The enumerated crimes present a risk of serious or even lethal

3

consequences. While it is certainly true that violence in a domestic setting might result in serious injury (and, in all likelihood, more serious felony charges), the crime of domestic violence as defined in Mich. Comp. Laws § 750.81 does not categorically entail such heightened levels of risk. This disparity is reflected by the fact that, in the usual case, the crime of domestic violence is a misdemeanor with a maximum sentence of 93 days of imprisonment. Although the Sixth Circuit held in *Kearney* that the ACCA is applicable to misdemeanors which are enhanced into felonies pursuant to a state recidivism provision, *Kearney* also recognizes that "[a]n offense that has been subject to prior enhancement may, indeed, be less likely to meet *Begay* and *Sykes*' standards." Although the government's argument that repeated domestic violence presents a danger of escalation is well taken, the Court does not find adequate support to categorically label all such crimes "violent felonies" as contemplated by the ACCA.

Having determined that Michigan's domestic violence statute does not qualify as a violent felony under the categorical approach, the Court may now apply the "modified categorical approach." Under the modified categorical approach, the Court may consider whether the indictment, guilty plea, or other similar documents shed light on the nature of the prior convictions. *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005). Unfortunately, the available documents in the present mater contain virtually no factual information regarding the specific circumstances surrounding Defendant's domestic violence convictions.

4

With respect to the modified categorical approach, the government relies on a single exchange between the sentencing Judge and Defendant during his sentencing proceeding. After Defendant apologized to the sentencing court for losing his temper, the judge stated: "All right, and of course the problem is, Mr. Lofton, you're not allowed, under law, to take it out on her physically." (Dkt. No. 20 at 13.) Defendant replied, "I know." *Id*. These statements alone provide no concrete information concerning Defendant's two domestic violence convictions, and cannot support a finding that the particular circumstances of those two convictions qualify them as violent felonies under the ACCA.

Because Defendant's convictions under Michigan's domestic violence statute do not include violent physical force as an element, are not enumerated offenses, do not qualify as violent felonies under a categorical analysis, and do not present additional facts pertinent to the modified categorical approach, the Court determines that the convictions may not be considered violent felonies under the 18 U.S.C. § 924(e).

Dated: <u>April 18, 2012</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE